IN THE MATTER OF THE PETITION OF APPELLANT THAT RE-
    SPONDENT BE REQUIRED TO PAY THE JUDGMENT OF THE
    SUPREME COURT IN FAVOR OF APPELLANT FOR COSTS
    AND DISBURSEMENTS BEFORE THE MANDATE SHALL
    ISSUE.

*Mr. James F. Watson*, for the Petition.

It is admitted that the respondent, May Osmun, is entirely insolvent, and has no property whatever out of which the judgment against her in this court can be made.   In this case it seems unjust that this woman, whose case seems quite speculative, should be allowed to harass and annoy the appellant by continuing this litigation without paying the costs and expenses to which she has already put him on the trial of this appeal.   He has no remedy against her for them, it is but just and right that before she pursues him further she should pay up

this judgment for expenses which she has compelled him to pay. We have no authorities to cite except such as were cited in the case of *Woodward* v. *O. R. & N. Co.* 23 Or. 331, where a somewhat similar question was before this court. In that case as in this plaintiff had a judgment below which was reversed by this court on the appeal, but in that case a considerable length of time had elapsed before the respondent applied for the mandate. This court decided in that case, as we understand it, that it was inequitable on account of the lapse of time with other reasons, that the mandate should issue in favor of respondent without payment of the judgment for costs. In that case as in this, respondent was insolvent and had no property out of which the judgment could be made. It seems to us that the only distinction between that case and this is in the bare lapse of time. We further suggest that with their lapse of time ought not to make any difference. The main equitable reason for refusing the mandate was that it was unjust that respondent should be permitted to continue to harass the appellant by the prosecution of this suit without paying appellant the costs to which he had already put him on the appeal. We respectfully suggest that time could not add to or take away any rights respondent might have to try his case in the court below.

*Mr. Alfred F. Sears, Jr., contra.*

The appellant bases his petition upon the fact that the respondent has no property upon which an execution might be levied, and unless the court require the mandate held he will be unable to collect his costs, or, to put it in his own language, "the respondent will be unable to pay his costs on appeal and hence if the order is granted she cannot proceed with her suit," the order in this case being in the nature of a perpetual bar to further proceedings.

XXV. Or.—18.

We will admit that such would be the effect upon the respondent that she has neither money nor property, but on the other hand declares that she has a legal, moral, and righteous cause of action against the appellant. Our statutes does not provide for such an order. We have been unable to find a single reported case upon the subject, and this is not a case where any principle of the common law could be invoked, hence we must conclude that there is no law authorizing this court to make the order and grant the petition. We submit that to compel the plaintiff to pay the judgment of appellant before the mandate can issue might amount to a denial of the right to maintain an action at all; and that in the absence of a statute or rule of law authorizing such proceeding, the court lacks the legal power to announce such a rule. We have searched the authorities to find any one sustaining such a view without success. If the payment of an indebtedness existing upon the part of a plaintiff toward a defendant is to be a condition precedent to the right to maintain an action, it should be made so by virtue of some enactment of law. No court is inherently possessed of such power.

Appellant relies upon a similar order made by this court in the case of *Woodward* v. *Railroad Company*, 23 Or. 331, but from what we are able to learn, an entirely dissimilar case. If the determination of the question therein precludes any further inquiry, then we accept the result; but if this court does not consider that case as determining this question, and if the matter in controversy is still an open question before the court, we submit that the claim of appellant is without authority of law to sustain it.

Per Curiam.

It is now ordered that the motion of appellant for an order requiring the respondent to pay the judgment in

this court for appellant's costs and disbursements before
the issuance of the mandate, be and the same is hereby
overruled and denied.                              DENIED.